IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Ray Serrano,

        **Plaintiff,**

                                            Case No. 16-2632-JWL

v.

**Original Juan Specialty Foods, Inc.,**

        **Defendant.**

## MEMORANDUM & ORDER

In September 2016, plaintiff filed his complaint against defendant asserting claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and retaliatory discharge under Kansas law. This matter is presently before the court on plaintiff's motion to dismiss his case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). As will be explained, the motion is granted.

Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action on plaintiff's request on terms that the court considers proper. Unless the order states otherwise, a dismissal under Ruler 41(a)(2) is without prejudice. *See* Fed. R. Cv. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)).

Absent legal prejudice to the defendant, the court normally grants such a dismissal. *Id*. (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). As noted by the Tenth Circuit,

> [p]rejudice does not arise simply because a second action has been or may be filed against the defendant, "which is often the whole point in dismissing a case without prejudice." Rather, prejudice is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff."

*Id*. at 1124 (quotations and citations omitted).

In his motion to dismiss, plaintiff contends that each of the pertinent factors weigh in favor of dismissal without prejudice. The court agrees and concludes that defendant will suffer no legal prejudice if this case is dismissed subject to certain curative conditions. The record reveals that while the parties should be completed with discovery by this stage and preparing for dispositive motion practice, defendant has recently sought an extension of the discovery and dispositive motion deadlines as well as a continuance of the final pretrial conference, citing the need for additional time to complete discovery. Defendant has not yet taken plaintiff's deposition (or any depositions for that matter). While plaintiff has taken three depositions, he has agreed that he will use those depositions in any subsequent action and will not re-depose those witnesses. Plaintiff further agrees that the parties may utilize the evidence discovered in this case in any subsequent action. These conditions, then, cure the primary concern highlighted in defendant's response to the motion—namely, that plaintiff might seek to depose individuals a second time, resulting in a redundancy of effort and expense.

As for plaintiff's explanation for seeking a dismissal, he asserts that he intends to pursue claims against defendant in state court and to proceed only under Kansas law rather than federal law. Defendant contends that plaintiff's burden of proof with respect to his retaliatory discharge claim is lower in state court such that he will receive a substantial advantage if he is allowed to dismiss without prejudice. In support of that argument, defendant relies on the Tenth Circuit's opinion in *Foster v AlliedSignal, Inc.*, 293 F.3d 1187, 1195 (10th Cir. 2002). In that case, the Circuit held that "a plaintiff in federal court who opposes summary judgment in a retaliatory discharge case based on Kansas law must set forth evidence of a clear and convincing nature that, if believed by the ultimate factfinder, would establish that plaintiff was more likely than not the victim of illegal retaliation by her employer." By contrast, a plaintiff in state court need not meet the "clear and convincing" standard at the summary judgment stage of the proceedings. *Id.* at 1194. The *Foster* opinion is not a sufficient reason to deny dismissal and does not demonstrate legal prejudice. To begin, that aspect of the *Foster* opinion has been called into question by the Tenth Circuit in light of the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Insurance Co.*, 559 U.S. 393, (2010), where the Court construed 28 U.S.C. § 2072(b)'s restriction on the scope of federal procedural rules. *See Macon v. United Parcel Service, Inc.*, 743 F.3d 708, 713 n.2 (10th Cir. 2014). Regardless, the only alleged prejudice upon refiling is the resolution of the issues in state court under state procedural rules—the possibility that plaintiff might gain some tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when, as here, state law is involved. *American National Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

For the foregoing reasons, the court that defendant will suffer no legal prejudice if this case is dismissed and, accordingly, grants plaintiff's motion subject to the conditions described herein.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to dismiss without prejudice (doc. 37) is **granted** subject to the following conditions: any discovery conducted in this action may be used in the subsequent action and plaintiff, in the subsequent action, may not take the deposition of any of the three witnesses whom he deposed in this action.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's amended motion for extension of time to conclude discovery, file dispositive motions and for pretrial conference (doc. 39) is **moot.**

**IT IS SO ORDERED.**

Dated this 28th day of June, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge